**Eugene ASHER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 13, 1980.

**250**

Denver Adams, Hyden, for appellant.

Steven L. Beshear, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, VANCE and WILHOIT, JJ.

VANCE, Judge.

Appellant was convicted of the offense of reckless homicide and sentenced to five years imprisonment. He contends the judgment should be reversed alleging that the method of jury selection used by the trial court was improper, that the admission of testimony in rebuttal which had been stricken when offered as evidence-in-chief was prejudicial error, and that he was entitled to an instruction on unintentional and accidental shooting.

■ At the commencement of appellant's trial, twelve members of the regular jury panel were out deliberating another case. Over appellant's objection, the court ordered the clerk to call the remaining members of the regular forty-member panel for the July, 1979 term. Twenty-four of those remaining were present. The court then proceeded to summon eighty-five special jurors. Appellant contends that all of the regular panel should have been exhausted prior to summoning special jurors. KRS 29A.060 and RCr 9.30 govern the method of jury selection. A panel of forty jurors is drawn from the jury wheel. From these forty jurors a jury is selected to try any particular case. Provision is made by RCr 9.30(1)(c) and KRS 29A.060(9) for obtaining additional jurors when the names in the jury box are about to become exhausted.

The statutes and rules do not deal explicitly with a situation where twelve of the forty jurors on the panel are deliberating on another case when the court is ready to commence another trial. This is a situation which frequently arises and since it is not uncommon for a jury to deliberate several hours or even days after a case is submitted to them, the courts would grind to a halt if a second criminal jury trial could not begin until the panel trying an earlier case had returned a verdict. We do not believe the General Assembly intended, and indeed the statute and rules do not require, such a result. The procedure utilized here did not infringe upon appellant's right to a fair trial and did not deviate from the explicit requirements of the statute and the rules.

■ The evidence did not warrant an instruction on accidental shooting. There is some question about the competency of the evidence of the witness, Amy Holland, offered in rebuttal, but we do not consider the evidence, even if erroneously admitted, to be prejudicial.

The judgment is affirmed.

All concur.